ORVILLE R. DUNN, as General Guardian of JEAN ELIZABETH LOVELL, an Infant, Plaintiff, *v.* FIDELITY & CASUALTY COMPANY OF NEW YORK and CHARLES M. HARRINGTON, Individually and as Surrogate of the County of Clinton, Defendants.

Supreme Court, Clinton County, November 5, 1941.

*W. T. Van Alstyne,* for the plaintiff.

*Ainsworth & Sullivan,* for the defendant Fidelity & Casualty Company of New York.

*Feinberg & Jerry,* for the defendant Charles M. Harrington.

LAWRENCE, J. Two motions are made by each of the defendants, separately and with the same end in view. The first is to dismiss the complaint upon the ground that the plaintiff has no legal capacity to sue and that only a guardian *ad litem* appointed by the court has such power. The second motion is to compel the plaintiff to separately state and number the causes of action, separating what is claimed to be based on fraud and what is claimed to be based on negligence. Another portion of that motion is to strike out various allegations of the complaint as sham, frivolous, irrelevant, redundant and scandalous.

The complaint is a voluminous document, consisting of thirteen typewritten pages with many attached exhibits. The attorney for the plaintiff, upon the argument, stated that but a single cause of action is alleged. An examination of the complaint shows two causes of action. The first seems to be directed against the defendant surrogate and the second cause of action is directed against the surety company, reference being made to the statements in the first cause of action.

A liberal interpretation of the language of the complaint suggests that such allegations may be necessary in order to make various items of testimony relevant. Apparently no motion is made to dismiss upon the ground that a cause of action is not stated except that of lack of capacity to sue.

The theory upon which the causes of action are based rests upon the claim that the defendant Harrington, as surrogate, owed a duty, individually and as surrogate, to protect the plaintiff's ward from having a former guardian dissipate the property of her daughter, the ward. Under the law it was the duty of the defendant Harrington to examine or cause to be examined the annual accounts of the former guardian. If such accounts caused him to believe that a further account should be rendered and that grounds existed for the removal of the guardian, he might in his discretion appoint a special guardian to institute proceedings for the removal of the guardian or to secure a proper report.

The complaint alleges in detail various acts and failures to act on the part of the defendant surrogate, which it is claimed put him upon inquiry and constituted both a neglect of duty and gross negligence sufficient to sustain an inference of fraud. Whether such claim can be established is not now before the court.

The claim against the surety company is based on its knowledge of the situation, the relationship of its agent to the ward and its alleged duty to prevent waste beyond the limit set by its bond. Whether that can be sustained would not seem now to be before the court.

I conclude that as no motion is made to dismiss upon the ground that a cause of action is not stated, the paragraphs sought to be stricken out should remain. I further conclude that but one cause of action is stated against each and, therefore, decline to require an amended pleading to comply with that part of the motion.

It was stated upon the argument that a large part of the expenditures made by the former guardian and claimed to be unauthorized consisted of the purchase of a site and the erection of an expensive house thereon for the ward and that the ward, who is now about twenty years of age, desires to retain the house and to secure the removal of the present plaintiff as guardian and has instituted a proceeding to that end. That matter is not before the court on this motion based upon the pleadings.

As stated in one of the briefs, this is a novel action. Signposts to guide us are lacking. If it is to be determined that liability may be predicated on judicial error, no judicial official would be willing to function.

Let us now consider the motion to dismiss for lack of capacity in the general guardian to bring this action. At first glance it would seem that the cases cited upon this point are in conflict A closer scrutiny, however, would seem to make the decisions substantially harmonious. In the case at bar the plaintiff seeks to recover for negligence sufficient to create an inference of fraud. In my judgment such a claim should not fall into the category of cases where a plaintiff seeks to recover something of which he has been deprived. Section 202 of the Civil Practice Act provides that where an infant is a party to an action, such infant shall appear by a guardian *ad litem* appointed by the court. The plaintiff contends, however, that the case at bar is an exception to that rule. It is further claimed that as the decree of the surrogate instructs the present plaintiff to proceed to collect the deficit, the only proper person here to bring the action is the present plaintiff. In this connection it is to be noted that such instructions were to proceed against the estate of the deceased guardian. While it might be argued that the deficit might be recovered upon the official bond, it should be kept in mind that the amount of the official bond has been paid so that the present cause of action is not based upon the official bond but upon the claim that an obligation is owed by the surety over and above the amount of such

bond and is in tort. The same may be said to apply to the defendant surrogate. The infant, whose interests are involved here, is apparently of the age when she should nominate a guardian *ad litem* to bring an action in tort. I feel that the present action is one which should be brought by a guardian appointed by the court for the infant.

The motion to strike out is denied. The motion to dismiss is granted.